UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | 2:19-CR-60 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| CHARLES FISHER, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Defendant's initial appearance was held on June 10, 2019. After waiving a detention hearing at that time, Defendant's counsel filed a Motion for release from custody [Doc. 97], and a hearing was held on that motion by then-Magistrate Judge Clifton L. Corker on July 16, 2019. Defendant was released at that time to live with his family in Georgia [Docs. 113 and 114]. On December 19, 2019 a Plea Agreement was filed in this matter [Doc. 211]. At Defendant's change of plea hearing on January 7, 2020, he was remanded to custody [Doc. 229]. On April 27, 2020 Defendant's counsel filed a Motion to Reconsider Detention [Doc. 368] because Defendant has Type-2 Diabetes placing him at high risk for serious complications should he contract COVID-19. The Motion was referred to the undersigned on April 28, 2020 for a Report and Recommendation [Doc. 370]. The United States filed a Response in Opposition to the Motion under seal [Doc. 384]. A hearing was held before the undersigned on May 4, 2020.

At the hearing, Defendant's counsel proffered that the number of inmates who have tested positive for COVID-19 in Tennessee prisons is increasing rapidly. Counsel further proffered that the local areas surrounding the detention facility where Defendant is housed has several active cases

of the virus, with Carter County having 15 cases and Washington County having about 40 cases. Defendant's counsel argues that because Defendant is in a high-risk category of complications from the virus the time to release him is now and not after a positive case has been confirmed in the prison. Defendant's counsel also noted that Defendant was successful on pretrial release while living with his family in Georgia, having had no violation warrants filed against him.

The United States proffered that Defendant has already pled guilty and significant prison time is now a certainty, which provides Defendant increased motive to absent himself from future proceedings. The United States further noted that Defendant's criminal history includes several failures to appear and multiple probation violations. Further, Defendant's request that he return to Georgia is concerning since the United States learned after Defendant's original detention hearing that Defendant's wife had been untruthful with the Court about Defendant having a firearm in their home. Specifically she testified that there were two firearms found in the house which were hers and were in a locked safe that only she could access but failed to let the Court know that there was a third gun found in the safe which she had told authorities in Georgia must belong to Defendant because she did not place it in the safe. Due to this significant omission, the Government argued that neither Defendant nor his wife could be relied upon to be fully truthful with the Court, especially now that Defendant knows of the sentence he is facing.

In rebuttal, Defendant's counsel argued that Defendant's criminal history is old and that Defendant has been compliant with the Court's orders and conditions of release while on pretrial release in this matter.

While Defendant is a high-risk individual should he contract COVID-19, the Court does not find that factor alone to be adequate cause to overcome the presumption of detention. Further, the Court finds that had Defendant's wife been truthful at the initial detention hearing in this matter, it

is far less likely that Defendant would have been released. Her lack of candor with the Court also leaves the Court without the ability to rely upon her to report any failure of Defendant to comply with conditions of release if he were to be released again.

The strongest factor weighing against Defendant's release is the fact that he now knows with certainty that he is facing a significant period of incarceration now that he has entered a guilty plea. Given Defendant's history of failing to appear in the past, even though those failures occurred a significant time in the past, leads the Court to find that Defendant poses too great a flight risk should he be released pending sentencing. The Court therefore **RECOMMENDS** that the Motion be **DENIED,** and Defendant be detained pending his sentencing before the Honorable R. Leon Jordan. [1]

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).