UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 2:19-CR-060 |
| ) | |
| CHARLES FISHER ) | |

## **MEMORANDUM AND ORDER**

The defendant has pled guilty to conspiring to distribute methamphetamine, in violation of sections 841(a)(1), 841(b)(1)(A), and 846 of Title 21, United States Code. [Doc. 211]. He faces a statutory range of 10 years to life imprisonment. [*Id.*].

The defendant moves for release from custody pending sentencing [doc. 368], arguing that an underlying health condition puts him at higher risk of developing complications should he contract COVID-19. The undersigned referred the motion to Magistrate Judge Cynthia R. Wyrick. The United States subsequently filed a response in opposition to the motion. [Doc. 384].

Magistrate Judge Wyrick conducted a hearing on May 4, 2020. Now before the Court is the magistrate judge's May 6, 2020 Report and Recommendation ("R&R"), recommending that the defendant's motion be denied. [Doc. 390].

No objections have been filed to the R&R, and the time for doing so has now passed. *See* Fed. R. Crim. P. 59(b)(2). The Court has nonetheless thoroughly reviewed the R&R and the parties' filings. For the reasons that follow, Magistrate Judge Wyrick's

R&R will be adopted in full and the defendant's motion will be denied.

I.

*Standard of Review*

A district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." *See id.*; 28 U.S.C. § 636(b). A district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

II.

*Analysis*

Because the defendant has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, *see* 18 U.S.C. § 3142(f)(1)(C), for him to be released the defendant must show:

> (A)(i) A substantial likelihood that a motion for acquittal or new trial will be granted, <u>or</u>
>
> (ii) That the prosecution has recommended that no sentence of imprisonment be imposed, <u>and</u>
>
> (B) That there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community.

*See* 18 U.S.C. § 3143(a)(2). Subsection (A) is not satisfied in this case because no

motion for acquittal or new trial has been filed, and the United States has not recommended that the defendant should not receive a prison sentence. However, the seemingly mandatory requirements of § 3143(a)(2)(A) can be overridden, pursuant to 18 U.S.C. § 3145(c), by a showing of exceptional reasons why a defendant's detention would not be appropriate. *See United States v. Christman*, 596 F.3d 870, 870-71 (6th Cir. 2010).

In this case, the magistrate judge found that the defendant had not shown by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if released. The Court agrees with the magistrate judge's findings and adopts them in full.

Additionally, the Court concludes that the defendant's speculative fears of COVID-19 infection are insufficient to make a showing of exceptional reasons why his detention is no longer appropriate. The most recent information provided to the undersigned by the United States Marshals Service indicates that there are no documented cases of COVID-19 at the Carter County Jail where the defendant is presently housed. The marshal further reports that the defendant's facility is taking appropriate measures to prevent an outbreak. *See, e.g., United States v. Morris*, No. 17-107(01) (DWF/TNL), 2020 WL 1471683, at *4 (D. Minn. March 26, 2020) (no showing of exceptional reasons justifying 66-year-old defendant's release where there were no reported COVID-19 cases at his facility and the facility was taking appropriate measures to prevent an outbreak).

III.

*Conclusion*

As provided herein, Magistrate Judge Wyrick's R&R [doc. 390] is **ACCEPTED** in its entirety. The defendant's motion for release [doc. 368] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan<br>United States District Judge